## CIRCUIT COURT OF LOUDOUN COUNTY

Wright

v.

McClure

July 13, 1992

Case No. (Chancery) 13825

BY JUDGE THOMAS D. HORNE

This case came before the Court on Mr. Wright's Bill of Complaint and Petition for Injunction regarding Defendant's compliance with Countryside Planned Unit Development's Restrictive Covenants ("Covenants").

Mr. Wright asserts in paragraph six of the Bill of Complaint that Defendant's garden, "planted adjacent to other property owners and a public street," is violative of Article VI, Section 1, of the Covenants because the "improvement" has not been approved by the Design Review Committee. The relevant text of the Covenants reads as follows:

> [n]o building, fence, wall or *other improvements* or structures shall be commenced, directed, placed, moved, altered or maintained upon The Property . . . until the complete plans . . . have been submitted to and approved in writing . . . by a Design Review Committee . . . (emphasis added).

At issue is whether a garden, within the context of the Covenants, is an improvement requiring submission to, and approval by, the Design Review Committee.

In *Sellers v. Bles*, 198 Va. 49, 56 (1956) (other citations omitted), the Supreme Court holds that the word improvement has no fixed and definite meaning, that "[i]t takes color and significance from its surroundings and must be interpreted and given the meaning indicated by its setting."

In interpreting the Covenants' scope of the word improvement the Court finds the ejusdem generis rule applicable. The rule requires

that where general words follow the enumeration of things by words of particular and specific meaning, the general words will be construed as applying only to things of the same general class as those enumerated. The rule applies "even if the general words are broad enough to cover other persons or things." *Standard Ice Co. v. Lynchburg Diamond Ice Factory*, 129 Va. 521, 532 (1921) (other citations omitted).

*Standard Ice* involved a failure by Lynchburg to supply Standard with ice due to the illness of Lynchburg's workers. Lynchburg sought exemption from the liability associated with a failure to supply under a contract clause which stated that "[i]n the event the plant . . . is partially disabled by breakdown, fire, high water, washout, or from *any other cause* whatsoever beyond its control, it shall not be required to furnish any ice." *Id.* (emphasis added). The Supreme Court, applying the ejusdem generis rule, held that the illness of Plaintiff's workers was not a circumstance within the clause such that Plaintiff would be exempt from liability. The Court ruled that the class of specifically enumerated circumstances was "manifestly . . . to provide against some physical disability of the plant" which clearly had not occurred. *Id.*

Article VI, Section 1, of the Covenants lists as requiring Design Review Committee approval "buildings, fences and walls" directly before stating the general term "other improvements." The Court finds the scope of this clause to apply to, and include, only non-organic objects which require assemblage or construction.

As such the Court finds gardens are not an improvement, as defined by the surrounding language of Countryside's Restrictive Covenants, requiring Design Review Committee submission and approval.